```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

MARK GOMEZ,

    Plaintiff,

v.                            Civil Action No. 2:17-cv-04105

RICHARD F. NEELY,
MICHAEL O. CALLAGHAN, and
CHRISTOPHER MACCORKLE SMITH,

    Defendants.


## MEMORANDUM OPINION AND ORDER

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, who submitted his Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) on July 31, 2018. The magistrate judge recommends that the defendants' motion to dismiss be granted. On August 16, 2018, the plaintiff filed objections to the PF&R ("Objection"), to which defendants filed a response, followed by plaintiff's reply. Also pending is plaintiff's motion requesting leave to amend the complaint, filed with his Objection.

## I. Relevant Factual History

On October 3, 2017, the pro se plaintiff filed the complaint in this action against the defendants alleging violations of the civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, along with various state law claims. This case arises in part from an alleged agreement between the plaintiff and Christopher MacCorkle Smith ("Smith"), an owner of A.C.R. Promotions, Inc. ("A.C.R.") in which plaintiff would lobby the State Athletic Commission. A.C.R. and Smith subsequently hired Richard Neely as their attorney and filed a lawsuit in this court against the State Athletic Commission, claiming violations of the civil RICO Act. Smith v. Allred et al., No. 2:15-cv-06026. That action was settled out of court for $550,000.00 and a dismissal order was entered by the court on June 29, 2016. Plaintiff argues that A.C.R. promised him one-third of the settlement distribution of that lawsuit.

Smith v. Allred settled when the West Virginia Bureau of Risk and Insurance Management ("BRIM"), which handles insurance claims against state agencies, paid the $550,000.00 to Smith, his wife Andrea Gomez Smith (who is plaintiff's sister), and A.C.R. Plaintiff claims that he received none of the

settlement distribution from Smith v. Allred and that past agreements entitled him to one-third of it.

Consequently, on June 27, 2017, plaintiff filed a lawsuit in the Circuit Court of Kanawha County against A.C.R. for breach of contract and unjust enrichment and demanded payment of $83,333.33 for unpaid lobbying fees, represented by his alleged one-third interest in the $550,000.00 after deduction of a 50 percent attorney fee plus costs. Gomez v. A.C.R. Promotions, Inc., No. 17-C-858 (Kanawha Cty. Cir. Ct.). The state court proceeding was soon dismissed on October 30, 2017, on the ground that plaintiff's breach of contract and unjust enrichment claims were barred by the statute of frauds.

In this case the pro se plaintiff makes much of a matter that is simply irrelevant both to this case and the state court case. That is, for some reason Mr. Neely introduced in the state court case what was purported to be an agreed order of dismissal in the Smith v. Allred case, though it was not shown as signed by the federal judge, bearing date of June 21, 2016. That unsigned "order" mistakenly stated in the body but not the caption that one of the settling "plaintiffs" was Andrea Gomez Smith, who was never a party to it. This unsigned order was a proposed agreed order of dismissal of Smith v. Allred, filed through the online federal filing system ("PACER") on June 21,

2016. Actually, an order of dismissal was signed by the federal judge in <u>Smith v. Allred</u> and entered on June 29, 2016, which made no mention of Andrea Gomez Smith. The magistrate judge quite correctly found that the unsigned order and its filing in the federal PACER system did not merit an amendment. ECF No. 15, at 4. Nor does it merit any further consideration in this case.

Nevertheless, another event in the state court proceeding spawned in part this action. In that case, Mr. Neely referred to plaintiff as a "n'er-do-well, convicted felon, and disbarred lawyer." Plaintiff then filed this action in which he claims those comments are the basis of his defamation claim against Mr. Neely, and he adds a civil RICO claim against Mr. Neely, his law partner, Michael Callaghan, and Smith. These allegations, together with related state law claims, make up the present case.

## II. Standard of Review

"The Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v.</u>

**Colonial Life & Accident Ins. Co.**, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original)(quoting 28 U.S.C. 636(b)(1)).

III. Discussion

The plaintiff first uses the Objection, not to object to specific findings of the magistrate judge's PF&R, but to argue the reasons he believes this court should grant him leave to file an amended complaint. ECF No. 17. Along with his Objection, the plaintiff has filed a "Rule 15 Request," asking the court to reconsider the magistrate judge's order denying leave to amend his complaint. ECF No. 18. This motion appears to be one for leave to amend by adding one or more new causes of action.

**Motion to Amend the Complaint**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave shall be freely given where justice so requires. However, the court may deny leave to amend where the amendment would be futile. See e.g., **Edwards v. City of Goldsboro**, 178 F.3d 231, 242 (4th Cir. 1999); **Frank M. McDermott, Ltd. v. Moretz**, 898 F.2d 418, 420-21 (4th Cir. 1990) (no error in denying amendment when the claim sought to be

5

pleaded by amendment would be subject to dismissal under Rule 12(b)(6)).

The plaintiff filed a Freedom of Information Act ("FOIA") request with BRIM for documents pertaining to the settlement of the Smith v. Allred civil RICO case. ECF No. 17, at 3. BRIM provided the plaintiff with three documents: the "Receipt," the "Release in Full of All Claims" (the "Release"), and the "Agreed Order of Dismissal" (the legitimate dismissal order entered by the court on June 29, 2016). Id.

The text of the Release names and includes Andrea Gomez Smith as one of the plaintiffs, who acknowledge their awareness of the effect of the release as provided therein. The Release states that the federal case would be dismissed and that Christopher Smith, Andrea Smith, and A.C.R. would receive $550,000.00 in settlement funds. The Receipt notes that Christopher Smith and Andrea Gomez Smith, individually and on behalf of A.C.R., acknowledge the receipt of the $550,000.00. Both Christopher and Andrea Smith signed these documents before a West Virginia Notary Public who took the acknowledgment of their signatures. Id. at 4.

The plaintiff here states that the captions of each the Release and the Receipt were framed as pleadings but were not filed with the Clerk of this court. This, plaintiff claims,

indicates that BRIM was unaware that it had paid the settlement funds to a non-party.  Id.  However, the FOIA request did reveal, as indicated above, that BRIM had the true order of dismissal in Smith v. Allred that did not include Andrea Gomez Smith's name in either the caption or the text.  ECF No. 18, Ex. 1, at 9.

     Out of these facts, the plaintiff hopes to amend his complaint to bolster his RICO predicate claim of obstruction of justice in Count 10 of the complaint by including allegations of perjury against Andrea and Christopher Smith for signing the Receipt, as well as the Release which he erroneously believes was accompanied by affidavits that in reality were merely short form certificates that attested to their signatures before the Notary.  See W. Va. Code § 39-4-16(4); ECF No. 17, at 4. Plaintiff also attempts to bring additional false statement claims to support existing mail and wire fraud counts and a new wire fraud count, which he argues arise out of those signatures and the filing of the unsigned order in the PACER system.  Id. at 5-6.  Moreover, plaintiff seeks to include a subornation of perjury charge against Mr. Neely for procuring those signatures. Id. at 4-6.  But, of course, there were no affidavits and, hence, neither perjury or subornation of perjury.  Finally, the plaintiff wishes to include a wire fraud count in the complaint

against Mr. Neely, who he claims devised a scheme to defraud by having Andrea Smith and Christopher Smith sign what he mistakenly calls the "affidavits" in the Release, as well as the Receipt, in order to improperly enrich Andrea Gomez Smith from the settlement funds. Id. at 5-6.

The magistrate judge properly evaluated the requisite elements of a civil RICO claim, most notably, that the plaintiff must allege two predicate acts. See PF&R 7-12. Nothing that the plaintiff has noted would support his civil RICO claim here.

The settlement in Smith v. Allred was with Christopher Smith and A.C.R. Promotions, Inc., an entity that the magistrate judge found was owned by Smith. PF&R 2. In the defendants' response to the Objection, it is asserted that A.C.R. was owned in equal shares by Christopher Smith and Andrea Smith. ECF No. 20, at 3. No evidence is offered to support that assertion. Regardless of the actual ownership share, recipients of a settlement may divide the proceeds as they see fit. Whether the plaintiff was entitled to any of it is determinable without regard to who actually received the money. In this instance, plaintiff's application to the state court for a share has already been adjudicated and it was denied.

Ultimately, the facts the plaintiff seeks to introduce do not represent illegal actions on the part of the defendants

and cannot support the claims he hopes to add to the complaint. If the plaintiff were allowed to amend his complaint in the manner he desires, the claims would not be able to survive a motion to dismiss. Accordingly, the court denies the plaintiff's motion for leave to amend his complaint because the amendments would be futile.

### Objection to the PF&R

The plaintiff objects to the findings of the PF&R, though he fails to raise the specific bases of the objections. To the extent the court may discern to what the objections are referring in the PF&R and the bases for the objections, the court considers them except insofar as the ruling on those matters has already been foreclosed by the previous discussion.

The plaintiff objects to the magistrate judge's finding that the omnibus clause of 18 U.S.C. § 1503, a criminal obstruction of justice statute, could not be used by the plaintiff to support his civil RICO claim by challenging filings and actions by the defendants in other civil actions. See ECF No. 17, at 6; PF&R 8-10. However, the magistrate judge thoroughly and accurately laid out his reasons for finding that "the plaintiff's allegations against the defendants do not constitute obstruction of justice as defined in 18 U.S.C. § 1503

and, thus, the plaintiff has not reasonably alleged predicate acts sufficient to support a plausible civil RICO violation under that statute." PF&R 10. This objection is without merit.

Plaintiff also objects to the magistrate judge's refusal to address any claims of promissory estoppel. ECF No. 17 at 6-7. Plaintiff argues "[s]omeone has to be responsible for the unpaid lobbying fees, and if not ACR, then Richard F. Neely for his taking of Mark Gomez's intellectual property without compensation or Christopher MacCorkle Smith for his unjust enrichment and benefit from Mark Gomez's lobbying efforts." Id. at 7. The state court has ruled on related issues and denied plaintiff relief. Furthermore, the plaintiff misstates the magistrate judge's ruling. The magistrate judge declined to address defendants' argument concerning <u>collateral estoppel</u>. There are no allegations of promissory estoppel in the pleadings. This objection, too, is meritless.

Accordingly, it is ORDERED as follows:

1. The plaintiff's objections to the PF&R are overruled.

2. The plaintiff's motion for leave to amend the complaint is denied.

3. The magistrate judge's Proposed Findings and Recommendation are adopted and incorporated herein in full.

4. The defendants' motion to dismiss is granted.

5. This civil action is hereby dismissed and stricken from the docket of the court.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

Enter: September 26, 2018

John T. Copenhaver, Jr.
United States District Judge